UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL MERCEDES BENHAM,<br>A/K/A MERCEDES BENHAM,<br><br>Defendant. | Case No. 1:23-CR-00216-AKB-DKG<br><br>**REPORT AND<br>RECOMMENDATION** |

On December 18, 2023, Defendant ISRAEL MERCEDES BENHAM appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 21). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case

described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention but subsequently withdrew the motion and the parties stipulated to release conditions. (Dkt. 5, 11). An Order Setting Conditions of Release was entered on August 21, 2023. (Dkt. 12). Two pretrial release status reports were filed indicating Defendant tested positive for substance use and had self-enrolled in an inpatient treatment program. (Dkt. 19, 20, 24). Pretrial Services reports that since then, Defendant has completed the inpatient treatment, remained sober, and is continuing outpatient substance abuse and mental health treatment. (Dkt. 24). Defendant is employed and has been fully compliant with the conditions of her release since completing inpatient treatment. The Government represents that it has no information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Pretrial Services recommends continued release. (Dkt. 24).

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the Defendant's continuing course of treatment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition

REPORT AND RECOMMENDATION - 2

of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant ISRAEL MERCEDES BENHAM's plea of guilty to Count Two of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant ISRAEL MERCEDES BENHAM's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 21).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Indictment (Dkt. 2) as to Defendant ISRAEL MERCEDES BENHAM.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 12).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: December 18, 2023

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 3